OF GUAM
2013 FEB -3 PM 2: 56

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **PEOPLE OF GUAM,** | ) Criminal Case No. CF0235-12 |
| | ) |
| | ) |
| | ) |
| | ) **DECISION AND ORDER: People's** |
| | ) **Motion to Introduce Prior Sexual Assaults** |
| vs. | ) **Pursuant to 6 GCA § 413** |
| | ) |
| | ) |
| | ) |
| **HAN VAN HOANG aka "Henry,"** | ) |
| | ) |
| Defendant. | ) |

**INTRODUCTION**

This matter came before the Honorable Anita A. Sukola on January 23, 2013, for a hearing on the People of Guam's Motion to Introduce Prior Sexual Assaults Pursuant to 6 GCA § 413. The People of Guam (the People) were represented by Assistant Attorney General Elizabeth S. Vasiliades. Attorney David J. Lujan represented Han Van Hoang's aka Henry ("Defendant"). Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order GRANTING the People's motion.

**BACKGROUND**

Defendant was indicted by a Superior Court of Guam Grand Jury on April 25, 2012. The indictment charges out the following: (1) Second Degree Criminal Sexual Conduct (as a 1st Degree Felony). Indictment (Apr. 25, 2012). On May 9, 2012, Defendant appeared for an

arraignment and pled not guilty.  Super. Ct. of Guam Minute Entry Log No. 101350 (May 9, 2012).

The People provided notice of their intention to introduce prior sexual assaults pursuant to 6 GCA § 413.  "The People anticipate introducing evidence based on Guam Police Report Number 09-3487 a copy of which has been provided to defense counsel."  Notice of Intent to Introduce Prior Sexual Assaults Pursuant to 6 GCA § 413 (Jun 7, 2012).  On July 31, 2012, the Court issued its Scheduling Order setting jury selection and trial date for February 18, 2013.  Scheduling Order (Jul 31, 2012).  On October 2, 2012, Defendant filed his objections to the People's intention of introducing prior bad act evidence.  Thereafter, the People filed its response to Defendant's objection, contending that "testimony of the prior sexual conduct as alleged in GPD Report N. 2009-29027 should be admissible at trial and is permissible under the standard of Rule 413."  People's Response to Defense Objection to Prior Bad Act Evidence (Oct. 31, 2012).

The Court heard oral arguments on January 23, 2013.

## DISCUSSION

The People move this Court "to admit evidence that Defendant has previously sexually assaulted another female customer during virtually identical circumstances while the defendant was working as a nail technician."  People's Response to Defense Objection to Prior Bad Act Evidence (Oct. 31, 2012).  The People further contend that "[t]he circumstances surrounding the sexual conduct alleged by the current victim and that reported in GPD Report No. 2009-29027 are similar and suggest a specific pattern of sexual contact."  Id.

Defendant opposes the People's motion and requests this Court to "find that the proffered evidence of similar crimes of sexual conduct be excluded from the present case."

_Def's. Objections to Introduction of Prior Bad Act Evidence_ (Oct. 2, 2012).  Defendant argues that the People's reliance of such authority for the introduction of prior bad act evidence is "misplaced." _Id._  Moreover, Defendant contends that "[his] alleged prior conduct was not an offense of criminal sexual conduct as determined by the People itself." _Id._

Rule 413

The Federal Rules of Evidence permits the use of similar crimes in sexual assault cases as follows:

Rule 413. SIMILAR CRIMES IN SEXUAL-ASSUALT CASES
(a) **Permitted Uses.**  In a criminal case in which a defendant is accused of a sexual assault, the court _**may admit**_ evidence that the defendant committed any other sexual assault.  The evidence may be considered on any matter to which it is relevant.
(b) **Disclosure to the Defendant.**  If the prosecutor intends to offer this evidence, the prosecutor must disclose it to the defendant, including witnesses' statements of a summary of the expected testimony.  The prosecutor must do so at least 15 days before trial or at a later time that the court allows for good cause.

FRE 413 (emphasis added).

Guam's Rules of Evidence similarly tracks the language of the Federal Rules of Evidence 413.

GRE 413 provides in relevant part as follows:

**Rule 413.  Evidence of Similar Crimes in Criminal Sexual Conduct Cases.**
(a) In a criminal case in which the defendant is accused of an offense of criminal sexual conduct, evidence of the defendant's commission of another offense or offenses of criminal sexual conduct _**is admissible**_, and may be considered for its bearing on any matter to which it is relevant.
(b) In a case in which the Government intends to offer evidence under this rule, the attorney for the Government shall disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of a testimony that is expected to be offered, at least fifteen days before the scheduled date of trial or at such later time as the court may allow for good cause.
(c) This rule shall not be construed to limit the admission or consideration of evidence under any other rule.

GRE 413 (emphasis added).

"Prior to 1994, the admission of propensity evidence in sexual misconduct cases was severely restricted by Federal Rule of Evidence 404(b), which generally forbids the introduction of such evidence 'to prove the character of a person in order to show action in conformity therewith.' After years of turning back efforts to relax this longstanding bar, Congress passed Rules 413, 414, and 415 as part of the Violent Crime Control and Law Enforcement Act of 1994. Together, these three rules 'supersede Rule 404(b)'s restriction,' by establishing a presumption—but not 'a blank check'—favoring the admission of propensity evidence at both civil and criminal trials involving charges of sexual misconduct." *U.S. v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004).

The Court recognizes that the Federal Rules of Evidence contains permissive language "may admit" while Guam's Rules of Evidence reads "is admissible" both relative to evidence that the defendant committed any other sexual assault. In either case, the Court is still obligated to consider this admission of evidence under any other rule pursuant to GRE 413(c). Accordingly, while Rule 413 enlarges the admissibility of evidence of past crimes ordinarily restricted by Rule 404, Rule 403 analysis should still apply.

Guam Rules of Evidence Rule 403 reads:

**Rule 403.  Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time.**
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

GRE 403.

The Court finds that the Defendant is on trial for a sexual assault offense. Likewise, the evidence proffered is of another sexual assault, and that the evidence is relevant. *See United*

*States v. Guardia*, 135 F.3d 1326 (10th Cir. 1998). "The Rule [413] is not limited to convictions; thus it provides for the admissibility of any evidence, including mere allegations, of other offenses of sexual assault committed by the defendant." Glen Weissenberger, Federal Rules of Evidence: Rules, Legislative History, Commentary and Authority 216 (5th ed. 2007).

In considering whether Defendant's prior bad act evidence is prejudicial, the issuance of the proper limiting instruction can prevent that prejudice from being unfair. *People v. Palisoc*, 2002 Guam 9 ¶ 29 (citing *Evaristo*, 1999 Guam 22 ¶ 17). *Palisoc* "emphasize[d] that an instruction to the jury limiting the use for which the evidence can be considered should be given both at the time the evidence is offered and during closing jury instructions prior to jury deliberation." *Id.* Cognizant of the Court's obligation to provide limiting instructions, and the authority to admit such prior bad acts pursuant to GRE 413 in this instant case, the Court GRANTS the People's Motion to Introduce Prior Sexual Assaults Pursuant to 6 GCA §413.

### CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court GRANTS the People's Motion to Introduce Prior Sexual Assaults Pursuant to 6 GCA §413.

**SO ORDERED** this _____ day of <u>FEBRUARY</u>, 2013.



I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

FEB 0 8 2013

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam